UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARMEN ROSA GARCIA MATOS,

    Plaintiff,

v.                                      CASE NO. 6:18-cv-789-Orl-18JBT

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the undersigned on Plaintiff's appeal of an administrative decision denying her applications for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income. In a decision dated January 23, 2018, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, as defined in the Social Security Act, from June 6, 2012, the alleged disability onset date, through the date of decision. (Tr. 532–44.) Plaintiff has exhausted her available administrative remedies and the case is

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

properly before the Court. For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Commissioner's decision be **REVERSED and REMANDED** for further administrative proceedings.

## I. Issue on Appeal

Plaintiff raises the following issue on appeal:

> Whether the ALJ erred in failing to adequately weigh the claimant's credibility when the record clearly reveals that the Plaintiff suffered from documented impairments causing significant limitations.

(Doc. 21 at 10.)

## II. Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III. The ALJ's Decision

This case came before the ALJ on remand from this Court. (Tr. 532, 606–08.) In the prior appeal before this Court, the Commissioner agreed to a remand.

(Tr. 606–08.)  Although not binding on the current ALJ, the previous ALJ found that Plaintiff could perform a full range of sedentary work.  (Tr. 16.)

In the decision on appeal, at step two of the sequential evaluation process, the ALJ found that Plaintiff had the severe impairments of "psoriasis, cervical and lumbar degenerative disc disease, cardiomyopathy, and obesity."[2]  (Tr. 535.)  At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled a listing.  (Tr. 537–38.)  Prior to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no more than occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps and stairs, but never ladders, ropes, or scaffolds.  Avoid: constant pushing and pulling with the upper extremities, overhead reaching, foot controls, constant vibration, constant temperatures over 90°F and under 40°F, and concentrated exposure to pulmonary irritants such as dust, fumes, chemicals, and odors. Work tasks should be simple 1-5 steps, performed repetitively, and learned in 30 days or less, with occasional interaction with coworkers, supervisors, and the general public.

(Tr. 538.)

At step four, the ALJ found that Plaintiff was unable to perform any of her past relevant work.  (Tr. 542.)  However, at step five, considering Plaintiff's RFC, age (30 on the alleged disability onset date), education, and work experience, the

---

[2] The sequential evaluation process is described in the ALJ's decision.  (Tr. 533–35.)

3

ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 543.) Therefore, Plaintiff was not disabled. (Tr. 544.)

**IV.   Analysis**

"If the ALJ decides not to credit a claimant's testimony about her symptoms, the ALJ 'must articulate explicit and adequate reasons for doing so.'" *McMahon v. Comm'r, Soc. Sec. Admin.*, 583 F. App'x 886, 893 (11th Cir. 2014)[3] (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1562.

In discounting Plaintiff's credibility, the ALJ stated:

> After careful consideration of the evidence, the undersigned finds claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; allegations of intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. Overall, treatment records, imaging reports, and exam findings do not show the degree of ongoing abnormality that would preclude a wide range of light work.

(Tr. 539.)

The undersigned recommends that reversal and remand is required because although the ALJ indicated that she would explain the reasons for

---

[3] Although unpublished Eleventh Circuit opinions are not binding precedent, they may be persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits a court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

discounting Plaintiff's credibility in the decision, she never adequately did. Instead, she simply summarized the medical and other evidence of record. (Tr. 535–42.) She never linked any specific evidence with any allegation of Plaintiff to show an inconsistency. Thus, the Court is left to guess regarding the ALJ's specific reasoning for discounting Plaintiff's credibility. The undersigned recommends that such reasoning is too vague to allow for meaningful review. *See Winschel*, 631 F.3d at 1179 ("[W]hen the ALJ fails to state with at least some measure of clarity the grounds for his decision, we will decline to affirm simply because some rationale might have supported the ALJ's conclusion.") (quotations omitted); *Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review.") (citing *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).

Moreover, it is not apparent from a review of the overall evidence that Plaintiff's allegations should be discounted to the extent of the RFC finding. For example, the undersigned recommends that the ALJ did not provide adequate reasons, supported by substantial evidence, for giving the opinions of the State agency physician, Dr. Cristina Rodriguez, "partial weight." (Tr. 541.) Dr. Rodriguez provided the only medical opinion addressed by the ALJ. (Tr. 541.)

"The ALJ is required to consider the opinions of non-examining state agency medical and psychological consultants because they 'are highly qualified physicians and psychologists, who are also experts in Social Security disability evaluation.'" *Milner v. Barnhart*, 275 F. App'x 947, 948 (11th Cir. 2008) (per

5

curiam) (citation omitted).  *See also Belge v. Astrue*, Case No. 3:09-cv-529-J-JRK, 2010 WL 3824156, at *9 (M.D. Fla. Sept. 27, 2010) (reversing and remanding the Commissioner's decision in part because the ALJ failed to provide "adequate reasons, supported by substantial evidence," for giving the opinions of the State agency psychologists "some weight").

In addressing the opinions of Dr. Rodriguez, the ALJ stated:

> Cristina Rodriguez, M.D., a State agency medical consultant, opined on February 7, 2013 that claimant could perform work at the sedentary exertional level, but occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, but never climb ladders, ropes, or scaffolds. (Exhibits 6A, 8A) Partial weight is given thereto.  Postural limitations are consistent with findings of record.  The undersigned assessed greater limitations in manipulative and environmental activities based on a history of cervical degenerative disc disease, psoriasis, and cardiomyopathy.  The undersigned further finds fewer limitations in exertional activities after considering the treatment records and findings on physical exams.  For example, imaging showed traumatic disc herniation at C3-4, T12-L1, and L5-S1. (Exhibit 14F/1, 3) The July 2012 echocardiogram showed congestive heart failure with an ejection fraction of 15%. (Exhibit 1F/9) Exams showed claimant in no acute distress and normal motor strength, sensation, heart, and lungs. (Exhibits 1F, 3F-5F, 7F, 8F, 10F, 11F, 17F) In September 2012, gait was normal and straight leg raises were negative bilaterally. (Exhibit 3F) Diagnostic tests in May 2015 and May 2016 showed ejection fraction improved to 40-45%. (Exhibit 11F/1) There is no evidence that psoriasis interferes with joint motion or limits the use of extremities.  No stent insertion or coronary artery bypass grafting for cardiomyopathy was required.

(Tr. 541–42.)

Significantly, the ALJ discounted Dr. Rodriguez's opinion that Plaintiff could

perform only sedentary work, and instead found that Plaintiff could perform a "wide range of light work." (Tr. 539.) The reasons given, however, do not appear to support lesser restrictions, at least without further explanation. For example, the ALJ relied on MRI imaging showing traumatic disc herniation at multiple levels. (Tr. 541, 861–64.) The ALJ also relied on cardiac ejection fraction findings below normal. (Tr. 541.) Although the ALJ did make reference to some normal physical examination findings, the undersigned recommends that the ALJ did not adequately explain how the overall evidence sufficiently supported her decision to discount Dr. Rodriguez's opinion that Plaintiff was capable of only sedentary work. Therefore, for this additional reason, the undersigned recommends that reversal and remand is required.

## V.    Conclusion

Accordingly, it is respectfully **RECOMMENDED** that the Court enter an order stating in substance:

"1.    The Clerk of Court is directed to enter judgment, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's decision and **REMANDING** with instructions to the Commissioner, in accordance with this Order, to: (a) reconsider Plaintiff's credibility, and if such credibility is discounted, provide specific adequate reasons, supported by substantial evidence, for doing so; (b) reconsider the opinions of Dr. Rodriguez, and if such opinions are discounted, provide specific adequate reasons, supported by substantial evidence, for doing so; (c) reconsider Plaintiff's RFC if appropriate; and (d) conduct any

7

further proceedings deemed appropriate.

2. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the file.

3. Should this remand result in the award of benefits, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff's attorney is **GRANTED** an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b).  Plaintiff's attorney shall file such a petition within **thirty (30) days** from the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees.  See In re: *Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§406(b) & 1383(d)(2)*, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov 13, 2012).  This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412."

**DONE AND ENTERED** at Jacksonville, Florida, on February 22, 2019.

*Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable G. Kendall Sharp
Senior United States District Judge

Counsel of Record