# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CARMEN ROSA GARCIA MATOS,

    Plaintiff,

v.                                        Case No:   6:18-cv-789-Orl-18JBT

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER

THIS CAUSE comes for consideration on Plaintiff Carmen Garcia Matos's ("Matos") appeal from a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her applications for Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). (*See* Doc. 1 at 1.) On August 16, 2018, the Commissioner filed a certified copy of the record of administrative proceedings related to Matos's case. (*See* Doc. 12.) On February 22, 2019, the United States Magistrate Judge issued a report and recommendation (the "Report and Recommendation") (Doc. 23) recommending that the Commissioner's decision be reversed. (*Id.* at 7-8.) On March 4, 2019, the Commissioner filed objections to the Report and Recommendation (Doc. 24), to which Matos responded on March 19, 2019 (Doc. 25). The Court respectfully declines to adopt the Magistrate's recommendations and will affirm the Commissioner's decision.

### I. BACKGROUND

In August 2012, Matos filed a Title II application for a period of disability and DIB, as well as a Title XVI application for SSI. (R. 177-200.) In her applications, Matos alleges that she

has been disabled since June 6, 2012 (the "alleged onset date"). (R. 179,194.) Matos's claims were denied initially and after reconsideration. (R. 100-112, 115-130.) Upon Matos's request, Administrative Law Judge ("ALJ") Chester Senf ("ALJ Senf") held a hearing on June 2, 2014 (the "2014 Hearing"), during which Matos appeared and testified. (R. 12.) On July 18, 2014, Judge Senf issued a decision unfavorable to Matos. (R. 9-26.) On October 13, 2016, upon Matos's request for review, the District Court ordered remand of Matos's case. (R. 606-08.) Subsequently, on October 31, 2017, Matos appeared at a hearing (the "2017 Hearing") and testified before Administrative Law Judge Pamela Houston ("ALJ Houston"). (R. 552-574.) At the 2017 Hearing, Matos was represented by an attorney and testified with the assistance of an interpreter. (R. 554.) Teri Hillery ("Hillery"), an impartial vocational expert, also testified at the 2017 Hearing. (R. 554.) On January 18, 2018, ALJ Houston issued a decision unfavorable to Matos (the "2017 Decision"), finding that Matos has not been disabled under the terms of the Social Security Act since the alleged onset date through the date of the 2017 Decision. (R. 526-551.) After exhausting her administrative remedies, Matos appealed to this Court. (*See* Doc. 1.)

## II. STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. *See McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *see also* 42 U.S.C. § 405(g), § 1383(c)(3). An ALJ's factual findings shall be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g), § 1383(c)(3). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing, *inter alia, Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Unlike findings of fact, the Commissioner's

conclusions of law are not presumed valid. *Keeton v. Dept. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991), and *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Id.* (citing *Cornelius*, 936 F.2d at 1146, and *Martin*, 894 F.2d at 1529).

Additionally, a court reviewing the Commissioner's decision must "view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Bloodsworth*, 703 F.2d at 1239.

### III. DISCUSSION

ALJ Houston determined that Matos was not disabled after listening to Hillery's testimony and finding that Matos, given her assessed residual functional capacity (RFC), could perform the duties of a sorter, agricultural produce, and marker. (R. 542-44.) Matos argues that "the ALJ erred in failing to adequately weigh [her] credibility when the record clearly reveals that [she] suffered from documented impairments causing significant limitations." (Doc. 21 at 10.) The United States Magistrate Judge recommends that Matos's case be remanded to the Commissioner to, "reconsider [Matos's] credibility, . . . reconsider the opinions of Dr. Rodriguez, . . . reconsider [Matos's] RFC if appropriate[,] and . . . conduct any further proceedings deemed appropriate." (Doc. 23 at 7-8.) The Commissioner objects to the Magistrate Judge's recommendation to remand and asks the Court to affirm the Commissioner's decision. (*See* Doc. 24.) As grounds therefore, the Commissioner argues that ALJ Houston fully explained her assessment of Matos's subjective

-3-

symptoms, the Court should not play the role of the ALJ and reweigh the evidence, and Matos waived the issue of an improper weighing of Dr. Rodriguez's opinion. (*Id.* at 1-4.)

As stated by ALJ Houston in the 2017 Decision:

> After careful consideration of the evidence, the undersigned finds claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; allegations of intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. Overall, treatment records, imaging reports, and exam findings do not show the degree of ongoing abnormality that would preclude a wide range of light work.

(R. 539.) ALJ Houston then proceeds to delineate medical evidence in the record to substantiate her findings. (*See* R. 539-42.) For example, ALJ Houston notes that Matos went to the hospital approximately two (2) months after her alleged disability onset date with chest pain and a decreased ejection fraction; however, on examination, Matos's heart had regular rate and rhythm, her lungs were clear to auscultation, she had no listed motor deficits, and she had no edema. (R. 539; *see* R. 318-19.) Also, as explicated in the 2017 Decision, a consultative examination performed in September 2012 revealed no pain discomfort, no tenderness in Matos's cervical spine, normal sensation, normal gait, negative straight leg rises, normal grip strength, normal motor strength in Matos's upper extremities, and only mildly reduced motor strength in Matos's lower extremities. (R. 539; *see* R. 334-41.) Even in September 14, 2017, as noted by ALJ Houston, Matos was reportedly not in acute distress and her motor strength and sensation were repeatedly normal. (R. 540.) ALJ Houston demarcates additional medical evidence and symptom allegations found in the record pertaining to Matos's treatments, hospitalizations, and examinations that took place at numerous points between 2012 and 2017. (*See* R. 539-542.) Additionally, during the 2017 Hearing, Matos admitted that she lives independently, cares for her school age daughter, goes grocery shopping, drives, bathes and dresses independently, makes simple meals, and can use a smartphone and computer. (R. 566-69.) ALJ Houston also explained her decision to give partial

weight to the opinion of Dr. Cristina Rodriguez, M.D., a state agency medical consultant, great weight to the opinions of Dr. David Kirk, Ph.D. and Dr. David Tessler, Psy. D, specialists in mental health, and little weight to the opinion of William W. Austin, Psy. D, a consultative examiner. (R. 536-37, 541-42.)

ALJ Houston sufficiently examined Matos's allegations and properly found that Matos's assertions were not entirely reliable after comparing Matos's allegations to her medical records, activities, and relevant opinion evidence. (*See* R. 538-42.) Ultimately, ALJ Houston partially credited Matos's subjective symptom allegations by limiting Matos to a reduced range of light work and finding that:

> [Matos's] allegations are not substantially supported by the evidence to the extent that she would be precluded from all work activity. While [Matos] would require work at the light exertional level with modifications in postural, manipulative, and environmental activities, limitations to performing simple work-related decisions, and modifications in her interactions with coworkers, supervisors, and the general public, those restrictions would reasonably accommodate her symptoms.

(R. 541.) Moreover, ALJ Houston articulated good cause, supported by substantial evidence, to accord lesser weight to Dr. Rodriguez's medical opinion regarding Matos's exertional limitations. ALJ Houston cites to specific medical evidence in support of giving less weight to the portion of Dr. Rodriguez's medical opinion pertaining to Matos's exertional limitations. (*See* R. 541-42.) Also, Matos never posited that ALJ Houston improperly weighed Dr. Rodriguez's opinion prior to entry of the Report and Recommendation, and the interests of justice do not require consideration of the slight variance between Dr. Rodriguez's opinion regarding Matos's exertional limitations and those set forth in the RFC findings. Remand of this case for reconsideration of Dr. Rodriguez's opinion is, therefore, inappropriate. *See N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *see also Outlaw v.*

*Barnhart*, 197 F. App'x 825, n.3 (11th Cir. 2006) (holding that a claimant in a Social Security appeal waived an issue because he did not elaborate on his assertion of error).

## IV. CONCLUSION

Each of ALJ Houston's findings is supported by substantial evidence and the proper legal analysis was applied to Matos's disability claims. After de novo review of the portions of the Report and Recommendation (Doc. 23) to which Matos properly objected, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. United States Magistrate Judge Joel B. Toomey's Report and Recommendation (Doc. 23) is **REJECTED**.

2. The Commissioner's final decision in this case is **AFFIRMED**.

3. The Clerk of the Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on this _16_ day of May, 2019.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record